**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DERRICK L. WARREN,                                    Case No. 1:19-cv-953
      Plaintiff,

                                              Dlott, J.
    vs                                              Bowman, M.J.

ODRC, *et al.*,                                       **ORDER AND REPORT**
      Defendants.                               **AND RECOMMENDATION**


Plaintiff, an inmate at the Lebanon Correctional Institution (LCI), in Lebanon, Ohio,

brings this civil rights action under 42 U.S.C. § 1983 against defendants ODRC (Ohio

Department of Rehabilitation and Correction) and LCI officials Mrs. Nail and Mr. Saxon. (*See*

Doc. 1-2).

By separate order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant

to 28 U.S.C. § 1915. This matter is now before the Court for a *sua sponte* review of plaintiff's

complaint to determine whether the complaint, or any portion of it, should be dismissed because

it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks

monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform

Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A.      Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Allegations in the Complaint**

Plaintiff alleges that shortly after arriving at LCI he got into a fight with his cellmate, who plaintiff asserts is a head member of the "Blood Gang." (Doc. 1-2, at PageID 19). Plaintiff states that he then requested defendant Mrs. Nail, an LCI Unit Manager, to move plaintiff. (Doc. 1-2, at PageID 19). Plaintiff alleges that Mrs. Nail said "yes, at first," but then plaintiff's cellmate stuck his head in the door and threatened plaintiff. (Doc. 1-2, at PageID 19). Plaintiff alleges that Mrs. Nail overheard the threat and placed plaintiff's cellmate in the "hole." (Doc. 1-2, at PageID 19). According to plaintiff, this incident placed him in danger "[b]ecause now it looked like [plaintiff] snitched and got [the cellmate] put in the hole, while [plaintiff] the new guy stayed free." (Doc. 1-2, at PageID 19).

Plaintiff alleges that his cellmate put a "hit" on plaintiff and that a few days later an unidentified inmate jumped plaintiff and attempted to rape him. (Doc. 1-2, at PageID 19). Plaintiff further asserts that he told defendants Mrs. Nail and Mr. Saxton that plaintiff wanted to file a Prison Rape Elimination Act (PREA) complaint and get protective custody but they said "no" because they did not believe him. (Doc. 1-2, at PageID 19).

For relief, plaintiff seeks monetary damages. (Doc. 1-2, at PageID 20).

**C.     Analysis of the Complaint**

At this stage of the proceedings, without the benefit of briefing by the parties to this action and out of an abundance of caution, the undersigned concludes that the complaint is deserving of further development and may proceed at this juncture against defendants Nail and Saxton on plaintiff's failure to protect claims. However, the complaint should otherwise be dismissed for failure to state a claim.

First, plaintiff has failed to state a claim against the ODRC under § 1983. To state a claim under § 1983, a plaintiff must show that the alleged violation was committed by a person acting under color of state law. *See Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001); *Simescu v. Emmet Cty. Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). The ODRC is not a "person" within the meaning of § 1983. *See Parker v. Michigan Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003). Further, the ODRC, a state agency, is immune from § 1983 liability under the Eleventh Amendment. *See Welch v. Texas Dep't of Highway and Pub. Transp.*, 483 U.S. 468, 472-73 (1987); *Graham v. NCAA*, 804 F.2d 953, 960 (6th Cir. 1986). Therefore, plaintiff's § 1983 claims should be dismissed as to the ODRC.

Next, plaintiff's claims against any individual defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the individual defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Finally, to the extent plaintiff seeks to bring a claim against defendants Nail and Saxton under PREA such a claim must be dismissed because PREA does not create a private right of action. *See, e.g.*, *Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 WL 4104163, at *3 (W.D.

Ky. Aug. 19, 2014) ("[T]his Court concludes that the PREA creates no private right of action.").

Accordingly, in sum, the complaint may proceed at this juncture against defendants Nail and Saxton on plaintiff's failure to protect claims. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed.

However, plaintiff has failed to provide service copies, summons, or United States Marshal forms so that service may be issued on defendants Nail and Saxton. Plaintiff is therefore **ORDERED** to submit a service copy of the complaint, a summons form, and a United States Marshal form for defendants Nail and Saxton **within thirty (30) days** of the date of this Order. Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint (Doc. 1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's failure-to-protect claims against defendants Nail and Saxton.

## IT IS THEREFORE ORDERED THAT:

1. Within **thirty (30) days** of receipt of this Order, plaintiff is **ORDERED** to submit service copies of the complaint, as well as completed summons and United States Marshal forms for defendants Nail and Saxton.

2. The **Clerk of Court** is **DIRECTED** to send to plaintiff a copy of the complaint, a summons form, and a United States Marshal form for this purpose. Upon receipt of the service

copies and completed summons and United States Marshal forms, the Court shall order service

of process by the United States Marshal in this case.


          *s/Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DERRICK L. WARREN,
    Plaintiff,

    vs.

ODRC, *et al.*,
    Defendants.

Case No. 1:19-cv-953

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).