# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DERRICK L. WARREN,            Case No. 1:19-cv-953
    Plaintiff,

                                           Dlott, J.
vs.                                  Bowman, M.J.

ODRC, et al.,                          **REPORT AND**
    Defendants                    **RECOMMENDATION**

Plaintiff, an inmate at Lebanon Correctional Institution (LCI), in Lebanon, Ohio, has filed a prisoner civil rights action pursuant to 42 U.S.C. § 1983 in this Court. (*See* Doc. 3). On January 3, 2020, plaintiff was ordered to submit service copies of the complaint, as well as completed summons and United States Marshal forms for defendants Nail and Saxton within thirty (30) days.[1] (Doc. 4 at PageID 37). Plaintiff was further advised that "failure to comply with this Order may result in the dismissal of this action for want of prosecution." (*Id.*). Plaintiff failed to comply with the Court's Order.

On March 16, 2020, the Court issued an Order for plaintiff to show cause, in writing and within fifteen (15) days, why this action should not be dismissed for plaintiff's failure to provide service documents, as previously ordered. (Doc. 6 at PageID 41). Plaintiff responded to the Order, explained his delay, and requested an extension of time to provide the documents. (*See* Doc. 7).

On March 27, 2020, plaintiff was granted an additional thirty (30) days to submit service copies of the complaint, as well as completed summons and United States Marshal forms. (Doc. 8 at PageID 46). Plaintiff again failed to comply with the Order of the Court.

---

[1] On initial screening of the complaint, the Court determined that plaintiff could proceed in this action with his failure-to-protect claims against defendants Neil and Saxton. However, plaintiff failed to provide service forms for these defendants. (*See* Doc. 4).

On May 19, 2020, the Court issued a final Order for plaintiff to submit service copies of the complaint, summons, and United States Marshal forms for defendants Nail and Saxton within thirty (30) days and notified plaintiff that "if he fails to comply with this Order, the complaint will be dismissed for lack of prosecution." (Doc. 9 at PageID 47).

To date, more than thirty (30) days after the Court's May 19, 2020 Order, plaintiff has failed to comply with the Order of the Court.

"District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's May 19, 2020 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be dismissed for lack of prosecution.

**IT IS SO RECOMMENDED.**

　*s/Stephanie K. Bowman*　　
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DERRICK L. WARREN,  
    Plaintiff,

vs.

ODRC, *et al.*,  
    Defendants

Case No. 1:19-cv-953

Dlott, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).